**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 04, 2024.**

_____
MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JESSE EDWARD CASANOVA & | § | |
| ANA PATRICIA CASANOVA, | § | CASE NO. 23-50653-MMP |
| | § | |
| DEBTORS. | § | CHAPTER 7 |

**ORDER AND OPINION ON MOTION TO REOPEN CASE**

The Court heard the Debtors' *Motion to Reopen Case Pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010* (ECF No. 24) (the "Motion") and determined that it should be denied.

**BACKGROUND**

The Debtors filed this no-asset chapter 7 case on May 31, 2023, received a discharge on August 31, 2023, and the case was closed. The Debtors now file this Motion to amend their Schedule F and creditor matrix to include a previously unlisted general unsecured creditor,

37/410 Storage. The Debtors do so in an attempt to eliminate the risk that the debt owed to 37/410 Storage may not have been discharged under § 727.[1]

**DISCUSSION**

A court may reopen a previously closed bankruptcy case under § 350(b) "to administer assets, to accord relief to the debtor, *or for other cause*" (emphasis added). Debtors seek to reopen their case "for cause," arguing that cause exists because a creditor was inadvertently omitted from the Debtors' schedules. Having taken judicial notice of the docket, the Court disagrees and finds that cause does not exist to reopen the case.

The Court cannot enter *nunc pro tunc* orders which purport to change the past. **Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano**, 140 S. Ct. 696, 701 (2020). *Nunc pro tunc* orders are only permitted to "'reflect the reality' of what has already occurred," not to "'make the record what it is not.'" *Id.* at 700-701 (citing *Missouri v. Jenkins*, 495 U.S. 33, 49 (1990). Debtors ask this Court to allow modification of the creditor list and schedules after the effect of those filings has already been determined under the Code. This, the Court cannot do. Even if 37/410 Storage would have collected nothing in the chapter 7 case had it been listed as a creditor, "no harm, no foul" is not reason enough to justify an order adding creditors to the schedules of a previously closed bankruptcy case. **In re Dye**, 108 B.R. 135, 139 (Bankr. W.D. Tex. 1989). So, the Court can't grant retroactive relief. To the extent the Motion asks for prospective relief, there is still no need to reopen the case.

Discharge under § 727 acts as a complete discharge of all debts. The discharge applies to *all* pre-petition debts, "a term which itself applies without regard to whether the debt is listed in the debtor's schedules." **In re Guzman**, 130 B.R. 489, 491 (Bankr. W.D. Tex. 1991) (citing

---

[1] All statutory references are to Title 11 of the United States Code unless otherwise specified.

§§ 101(12), (5) defining "debt" and "claim" under the Bankruptcy Code). A creditor may evade this broad discharge if they can show the debt owed to them is one which qualifies for nondischargeability under § 523. Importantly, § 523(a)(3) excludes from discharge debts where the creditor did not receive adequate notice of the bankruptcy to either file a proof of claim or to file a § 523(a)(2), (4), or (6) nondischargeability action.

While no evidence other than Debtors' counsel's recitation of prior proceedings was presented to the Court, it appears that 37/410 Storage may not have had notice or knowledge of the bankruptcy filing and may not have had an opportunity to meet the deadlines imposed by the Code to file a nondischargeability proceeding. Section 523(a)(3), as stated, anticipates and provides for just such an occurrence for some debts. Accordingly, if 37/410 Storage's claims are not excepted from discharge under paragraphs (2), (4), or (6), the debts are discharged and there is no reason to reopen the case to address the claims. In a no-asset chapter 7 case, there is never a claim filing period, and so failing to give notice to a creditor whose claims do not fall under paragraphs (2), (4), and (6) does not deprive it of the ability to file a proof of claim. ***In re Karamitsos***, 88 B.R. 122, 123 (Bankr. S.D. Tex. 1989). This holds so long as the debtor did not act fraudulently or in bad faith by omitting a creditor.[2] ***In re Shires***, 2008 WL 2405039, at *3 (Bankr. N.D. Tex. June 9, 2008). Thus, § 523(a)(3)(A) is inapplicable in a no-asset chapter 7 case like this one. *Id.* at *5.

To the extent 37/410 Storage's claims *are* excepted from discharge under paragraphs (2), (4), or (6), the case need not be reopened by the Debtors to entertain such a dispute. First, *if* 37/410 Storage's claims are in fact nondischargeable under paragraphs (2), (4), or (6), the debt is not discharged under the plain language of § 523(a)(3)(B). *Id.* at *4-5. Whether 37/410 Storage's claim

---

[2] Because no evidence was presented at the hearing, the Court cannot determine whether the Debtor omitted 37/410 Storage from its schedules innocently or intentionally.

would in fact be nondischargeable under paragraphs (2), (4), or (6) requires judicial determination. But reopening a case to list a creditor does not extend the time for a creditor to file nondischargeability actions in the bankruptcy proceeding. ***Karamitsos*** at 123. As Judge Mahoney succinctly put it in *Karamitsos*, "[e]ither the creditor had actual, timely notice of the time period or he didn't. Amending the schedules will not change that." *Id.*

Here, the deadline to object to dischargeability under §§ 523(a)(2), (a)(4), and (a)(6) expired on August 30, 2023. Even if the Debtor's *Motion* were granted, it would still not permit 37/410 Storage to file a nondischargeability action under paragraphs (2), (4), or (6) if it has such a claim. Reopening the case to allow amendment to the Debtors' schedules would therefore be futile. For these reasons, the Court finds that cause does not exist to reopen the case.

Should 37/410 Storage wish to pursue a nondischargeability action against the Debtors under paragraphs (2), (4), or (6), it can either file an adversary proceeding in this Court or in Texas state court, as other courts have concurrent jurisdiction over such a proceeding. 28 U.S.C. § 1334(b). It is, therefore,

**ORDERED** that the above-referenced *Motion* is **DENIED**.

### #